Matter of Barocas (2025 NY Slip Op 04750)

Matter of Barocas

2025 NY Slip Op 04750

Decided on August 21, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-02660|Case No. 2025-02840|

[*1]In the Matter of Matthew David Barocas an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew David Barocas (OCA Atty Reg. 4883708), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew David Barocas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 31, 2011.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner
Gene W. Rosen, Esq., for respondent.

Per Curiam 

Respondent Matthew David Barocas was admitted to the practice of law in the State of New York by the First Judicial Department on January 31, 2011. Respondent's registered address is in Tennessee, but this Court retains jurisdiction over him as the admitting Judicial Department (Rules for Atty. Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
By order dated January 18, 2024, the Supreme Court of Tennessee suspended respondent from the practice of law for one year, with three months to be served as an active suspension and the remainder to be served on probation, for the mishandling of levied funds in a commercial landlord and tenant matter and dishonest conduct before the court related to those funds.
Respondent who represented the landlord, obtained a default judgment totaling $130,091.62 in favor of his client, in January of 2019 and received levied funds from two banks. In February of 2019, the first bank remitted $60,453.81 into the court which respondent retrieved from the clerk's office. In March of 2019, the second bank levied $130,091.62 in funds directly to respondent which he deposited into his escrow account. In total respondent collected approximately $190,545.43, which was $60,453.81 more than the judgment. In April of 2019, respondent remitted $117,703.22 to his client representing the amount of the judgment less $13,000 in fees and costs, and filed a Satisfaction of Judgment with the court. Respondent failed to obtain an order from the court authorizing the release and disbursement of the levied funds. As of April 19, 2019 the balance of respondent's attorney trust account was $60,405.81 representing the excess levied funds he received. After consulting with an attorney he had worked with on other cases, respondent chose to retain the excess levied funds. Respondent then consulted his client and returned the $13,000 representing his fees and expenses in exchange for an agreement to bring a second action against the same tenant with the excess levied funds used to satisfy his fees and expenses for both actions. Respondent commenced a second action on July 5, 2019, but it was voluntarily dismissed six days later.
On March 10, 2020 respondent was ordered to pay to the court in Tennessee $130,091.62 by March 13, 2020. After an unsuccessful appeal of that order, respondent paid to the court $60,405.81 on December 22, 2020. At a contempt hearing held on February 22, 2021 respondent testified that the $60,405.81 was borrowed from his father and he did not remit the entire $130,091.62 as directed by the court order because those funds had already been disbursed to his client. The court issued two orders one on July 17, 2021 and the other on February 15, 2022, finding that respondent's non-compliance with the March 10, 2020 order, and his conflicting testimony at the contempt hearing as to whether he maintained the funds in his escrow account and would pay the money to the court, were sufficient to hold respondent in both criminal and civil contempt. Respondent appealed and the appellate court in Tennessee dismissed the contempt proceedings with prejudice giving as reasons the lack of opposition by the tenant's successor in interest (a bankruptcy trustee) and that the district attorney declined to prosecute any charges.
On December 7, 2023 respondent entered into a conditional guilty plea, admitting all but one of the amended charges in the amended petition for discipline brought against him in Tennessee and agreed to a one year suspension, three months being an active suspension and the remainder to be served on probation with conditions. On January 18, 2024 the Supreme Court issued an order approving respondent's guilty plea and directing discipline in accordance with its terms. On May 14, 2024, the Supreme Court of Tennessee reinstated respondent and directed that the remainder of his suspension be served on probation.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, suspending respondent for a period of one year, based upon similar discipline imposed upon him by the Supreme Court of Tennessee, or, in the alternative, sanctioning him as this Court deems just and proper.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Respondent states in his affidavit that he does not contest the facts. Respondent received notice of the charges asserted against him in Tennessee and freely and voluntarily pled guilty in response thereto. Respondent also admitted that the material facts underlying his reckless misappropriation were true and that he could not successfully defend himself against them. The misconduct for which respondent was disciplined in Tennessee also constitutes misconduct in New York in violation of Rules of Professional Conduct (see 22 NYCRR 1240.13[c]). Therefore, none of the enumerated defenses are available to respondent.
Respondent maintains that there are factors in mitigation, including that: he mistakenly believed his actions were not improper because he had co-counsel that supported his position; he took responsibility for his actions by borrowing money to reimburse the improperly collected funds; he promptly reported the discipline imposed in Tennessee to the New York Attorney Grievance Committee; he has no prior discipline and there are no pending complaints against him; and that he fully complied with the terms and conditions of his suspension in Tennessee and has since been fully reinstated to the practice of law in Tennessee, where he is currently in good standing.
With respect to the appropriate sanction, respondent does not oppose reciprocal discipline but asks that we impose a reciprocal one year suspension nunc pro tunc that is retroactive to January 18, 2024, the date of his suspension in Tennessee, alternatively he seeks the imposition of only a three-month suspension consistent with the sanction imposed by the Supreme Court of Tennessee.
The AGC takes no position with respect to respondent's request for a one-year suspension retroactive to the date of his Tennessee suspension, but opposes his alternative request for a three-month suspension arguing that this Court does not have a policy of staying suspensions and the Tennessee suspension remained in place for one year.
This Court does not have a policy of staying suspensions to impose a probationary period nor do the Rules for Attorney Discipline provide for stayed probationary suspensions (see Matter of Kort, 235 AD3d 35, 39 [1st Dept 2025]). Misconduct comparable to that of respondent typically results in a one-year suspension (see Matter of Feldman, 230 AD3d 13, 17 [1st Dept 2014]; Matter of Salo, 77 AD3d 30, 38-39 [1st Dept 2010]; Matter of Byler, 274 AD2d 275, 279 [1st Dept 2000]).
As for the respondent's request that the one year suspension be effective nunc pro tunc to the date of his suspension in Tennessee on January 18, 2024, there is no evidence that there is good cause to grant this relief. Respondent notified the AGC of his suspension on February 12, 2024, fairly close to the time he was suspended. He was reinstated on a probationary basis to the Tennessee Bar on May 14, 2024. Here, the AGC did not substantially delay in seeking reciprocal discipline, nor did respondent voluntarily cease practicing law in New York in anticipation of future discipline so that prospective suspension would be inequitable, unjust, and nunc pro tunc relief warranted(see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Filosa, 112 AD3d 162, 164 [1st Dept 2013]; Matter of Gilly, 110 AD3d 164 [1st Dept, 2013]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date of this order, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Matthew David Barocas, is suspended from the practice of law for one year, effective 30 days from the date of this order, and until further order of the Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Matthew David Barocas, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Matthew David Barocas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Matthew David Barocas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 21, 2025